UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOLLIE CARTER, | |
| Plaintiff, | Case No. 1:16-cv-06786 |
| v. | Judge John Z. Lee |
| MARIA A. PALLANTE, REGISTER OF COPYRIGHTS, ARC/CONRAD MUSIC, LLC, FUJI MUSIC GROUP, INC., and BMG RIGHTS MANAGEMENT (US), LLC, d/b/a BMG CHRYSALIS US, | Magistrate Judge Mary M. Rowland |
| Defendants. | |

**DEFENDANTS' ARC/CONRAD MUSIC, LLC,
FUJI MUSIC GROUP, INC., and
BMG RIGHTS MANAGEMENT (US), LLC,
d/b/a BMG CHRYSALIS US
<u>MOTION TO DISMISS VERIFIED FIRST AMENDED COMPLAINT</u>**

Defendants ARC/Conrad Music, LLC, Fuji Music Group, Inc., and BMG Rights Management (US), LLC, d/b/a BMG Chrysalis US ("Publisher Defendants") through their attorneys, Leavens, Strand & Glover, LLC, move this Court pursuant to Rules12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Verified First Amended Complaint against them for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief can be granted and preemption by the Copyright Act. In support thereof, Publisher Defendants state as follows.

<u>INTRODUCTION</u>

Publisher Defendants are music publishing companies. They provide music business services to songwriters including registering copyrights, issuing licenses to third parties to use musical compositions (songs), and collecting license fees on behalf of songwriters or other owners of the

1

songs. Publisher Defendants acquired certain rights in and to some (but not all) of the songs identified in the Amended Complaint (¶¶ 26, 55, 58, 83, 85, and 91) by acquiring assets and rights to the publishing companies that held rights to the songs, i.e. Arc Music Group, Conrad Music Publishing, and others.

Plaintiff filed three counts of copyright infringement and three state law claims against Publisher Defendants. Each of the counts fails because each one lacks sufficient allegations to state the purported cause of action. Plaintiff has not met the minimum pleading threshold required by the Federal Rules of Civil Procedure.

Count II for copyright infringement against Publisher Defendants does not contain allegations of actions by the Publisher Defendants that violate the exclusive rights conferred by §106 of the Copyright Act.

Counts III and IV for contributory and vicarious copyright infringement lack basic allegations of direct infringement by third parties. The allegations are essentially some unnamed party did some unnamed act with some unnamed song. Absent a viable claim of direct infringement by a third party, the claims for contributory and vicarious copyright infringement fail.

Count V claims of violation of Section 1202 of the Copyright Act for falsification of copyright information. However, there are no allegations that Publisher Defendants removed any copyright management information that was imbedded in the songs. Further, Section 1202 is meant to prohibit removal of copyright management information when works are placed in the electronic marketplace and on digital networks.

Count VI, VII, and VIII, the state law claims for unjust enrichment, deceptive trade practices, and tortious interference with prospective business interests are preempted by the Copyright Act and also lack sufficient allegations of the elements of each cause of action.

Plaintiff's failure to allege the elements of copyright infringement means there is a failure to allege subject matter jurisdiction. In addition, Plaintiff fails to include allegations that show that this court has personal jurisdiction over the Publisher Defendants. The Amended Complaint fails to state any claim upon which relief can be granted to Plaintiff. Publisher Defendants move to dismiss the Amended Complaint based on lack of subject-matter jurisdiction (Rule 12(b)(1)), lack of personal jurisdiction (Rule 12(b)(2)), failure to state a claim upon which relief can be granted (Rule 12(b)(6)), and preemption under the Copyright Act.

## ARGUMENT

The basis for all claims is Plaintiff's assertion of ownership of songs written or co-written by Calvin Carter and by James Bracken. Plaintiff is the sole surviving heir to the songs written by Calvin Carter and James Bracken. However, none of the allegations in Counts II and III, and in fact, none of the 140 paragraphs of the Amended Complaint, contains any actual allegations of copyright infringement by Publisher Defendants. Absent actual allegations of copyright infringement, the Court does not have subject matter jurisdiction and the Amended Complaint fails to state a cause of action upon which this Court can grant relief to Plaintiff.

### I.     12(b)(1) MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(1) requires that there must be an actual case or controversy for federal court to adjudicate a matter. Without any controversy, the case becomes moot. *Associated Industries Insurance Company v. Stahl Cowen Crowley Addis*, No. 15C 4296, 2016 WL 3088142, 1 (N.D. Ill. June 2, 2016). Plaintiff fails to allege acts by the Publisher Defendants that constitute copyright infringement.

**A.  There Are No Allegations of Copyright Infringement by Publisher Defendants in the Amended Complaint.**

Section 106 of the Copyright Act sets forth the six exclusive rights the owner of a copyright has in the copyrighted works. Those rights are reproduction, preparation of derivative works,

3

distribution, public performance, display, and, for sound recordings only, digital audio transmission. (17 U.S.C. §106). Plaintiff does not allege anywhere in his Amended Complaint that Publisher Defendants violated any of his §106 rights. Instead, Plaintiff alleges that:

> "… BMG … *refused to acknowledge* Plaintiff's 2008 Notices as valid in 2015." (Am. Cmpt. ¶54).
>
> "… BMG has *refused to recognize* the 2012 [Carter][Bracken] Notices…" (Am. Cmpt. ¶¶65, 66, 67, 72).
>
> "BMG … *falsely represented and held itself out to third parties as owning rights* … ." (Am. Cmpt. ¶¶68, 77, 85, 93).
>
> "BMG … *represented to numerous third parties it could license* … ." (Am. Cmpt. ¶69, 78, 86, 94).
>
> "BMG … *did not recognize in writing Plaintiff's rights* … *and continued to represent to third parties* ... ." (Am. Cmpt. ¶74).
>
> [Publisher Defendants] "*knew they did not have a valid license* … ."(Am. Cmpt. ¶¶94, 101).
>
> "BMG … *has failed to provide and continues to refuse to provide* Plaintiff with fair and accurate reports … ." (Am. Cmpt. ¶97).
>
> "BMG …*refuses to remit domestic and foreign royalties to Plaintiff* … . " (Am. Cmpt. ¶¶98, 99).

(Emphasis supplied)

None of these "acts" constitutes copyright infringement. There is no exclusive right under the Copyright Act to payment of royalties or receipt of statements. *Hall v Inner City Records*, 212 U.S.P.Q. 272 (S.D.N.Y. 1980)(a suit for unpaid royalties is not a suit for copyright infringement, therefore, the court did not have subject matter jurisdiction.) Nor are there exclusive rights to acknowledgment and recognition of claims. These are not causes of action under the Copyright Act. Further, while Plaintiff alleges that Publisher Defendants "had knowledge that they did not have a "valid license to publish, display, show, broadcast, market, and/or distribute the Carter copyrights" (Am. Cmpt. ¶107) there are no specific allegations that Publisher Defendants acted on this knowledge. Instead, Plaintiff alleges "on information and belief" that Publisher Defendants

4

published, distributed, publicly performed, displayed, or created derivative works of the 2012 Carter Notices songs (Am. Cmpt. ¶108).

Absent allegations to support claims of copyright infringement against Publisher Defendants, Plaintiff fails to allege a claim for copyright infringement in Count II. Therefore the Court does not have subject matter jurisdiction over Count III in this case.

### B. There Are No Allegations of Direct Copyright Infringement by Third Parties

Counts III and IV are for contributory copyright infringement and vicarious copyright infringement. Vicarious copyright infringement and contributory copyright infringement are viable claims if there has been "direct" copyright infringement by a third party and the vicarious/contributory infringer somehow facilitated or assisted in the infringement. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984). Counts III and IV contain no well-pleaded factual allegations of direct infringement by a third party. Instead, the allegations consist of vague claims that some unnamed third party publically performed at some unnamed location by some unidentified means some unnamed songs owned by Plaintiff (Am. Cmpt. ¶¶112, 118). These allegations fail to meet the low standard of pleading in Federal cases. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." No reasonable inference that Publisher Defendants are liable for vicarious or contributory copyright infringement can be drawn when there are no factual allegations whatsoever that there was any direct infringement by anyone anywhere. Absent allegations to support claims of direct copyright infringement by third parties, Plaintiff fails to allege claims for contributory or vicarious copyright infringement and Counts III and IV should be dismissed.

## II. 12(b)(2) MOTION TO DISMISS

It is well established that the plaintiff bears the burden of establishing the existence of jurisdiction over a non-resident defendant. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Plaintiff must provide sufficient evidence to establish a prima facie case of personal jurisdiction. *Basile v Prometheus*, No. 15-CV-10138, 2016 WL 2987004, 2 (N.D. Ill. May 24, 2016); *Lifeway Foods, Inc. v. Fresh Made, Inc.*, 940 F. Supp. 1316, 1318 (N.D. Ill. 1996)(citing *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987)). Plaintiff's allegations are taken to be true unless controverted by defendant's affidavits, and conflicts must be resolved in plaintiff's favor. *Basile*, 2016 WL at 2; *Lifeway Foods*, 940 F. Supp. at 1318; *John Walker & Sons, Ltd. v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 402 (7th Cir. 1987).

Plaintiff asserts that this Court has specific personal jurisdiction over Publisher Defendants (Am. Cmpt. ¶8) acknowledging that Publisher Defendants' contacts with Illinois are limited. Specific personal jurisdiction over the Publisher Defendants can be exercised by this Court only if Publisher Defendants had "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *uBID, Inc. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945))(quoting *Milliken v. Meyer*, 311 U.S. 457, 463, (1940)) ("*uBID*").

The traditional notions of fair play and substantial justice are not offended when a defendant purposefully directs its activities at Illinois such that it should have reasonably anticipated being haled into court in Illinois and the claims arise out of the defendant's direct action towards Illinois. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). Activities purposefully directed to a forum state to confer personal jurisdiction include:

> Employing salespeople or agents in the forum state and shipping physical merchandise to forum state buyers. *International Shoe Co.*, 326 U.S. at 316;
> Entering into a long-term business franchise contract with resident of forum state. *Burger King Corp.*, 471 U.S. at 474-75;

6

>Conducting extensive marketing making sales to customers in the forum state. *uBid*, 623 F.3d at 427;

>Making phone calls to Illinois in furtherance of a scheme taking place in Illinois. *McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 225 (7th Cir. 1994); and

>Owning real property, keeping an office, living, and voting in Illinois. *Glass v. Kemper Corp.*, 930 F. Supp. 332, 338-39 (N.D. Ill. 1996)("*Glass*").

The traditional notions of fair play and substantial justice are offended and personal jurisdiction is not found when:

>Defendant has never lived, owned property, kept an office, or voted in Illinois. *Glass,* 930 F. Supp. at 338-339; and

>Sales are not targeted directly to Illinois market and Illinois customers are not directly solicited. *Hyperquestion, Inc. v. NuGen I.T., Inc.*, 627 F. Supp. 2d 884, 894 (N.D. Ill. 2008).

The Amended Complaint contains no specific factual allegations that Publisher Defendants purposefully directed activities towards or had anything more than incidental contact with Illinois. There are no allegations that Publisher Defendants are based in or have offices or branches in Illinois; own property in Illinois; have any Illinois personnel or employees; sell and/or distribute any products or provide any services in Illinois; target customers or clients in Illinois; or market, advertise or promote their services in Illinois. As noted above, the only "acts" alleged to have been committed by Publisher Defendants are knowledge of lack of a valid license, refusal to acknowledge reversion, and failure to issue royalty reports and payments. These allegations that do not show that Publisher Defendants purposefully directed their activities at Illinois or availed themselves of the privilege of conducting business in Illinois.

>Plaintiff's sole allegation is the following legal conclusion
>
>>[That Publisher Defenders] "engaged in conduct, giving rise to the claims herein, that satisfies the Illinois long arm statute [cite omitted] including the commission of tortious acts within Illinois and the commission of tortious acts outside of Illinois knowing and intending that such act would interfere with Illinois interests and cause injury within Illinois. Based on information and belief, Arc, Fuji, and BMG have licensed for profit the copyrighted music at issue to Illinois-based entities and individuals."

(Am. Cmpt. ¶8). Plaintiff has failed to meet his burden of presenting a prima facie case of personal jurisdiction.

### III.    12(b)(6) MOTION TO DISMISS

#### A. The Amended Complaint Fails to State a Claim for Copyright Infringement by the Publisher Defendants

"A Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ---U.S. ---, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1940 (citing *Twombly* 550 U.S. at 556). A 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's Amended Complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When deciding a 12(b)(6) motion to dismiss, a court must "accept as true all factual allegations" presented in the complaint. *Twombly*, 550 U.S. at 589. In order to survive a 12(b)(6) motion to dismiss the plaintiff's complaint must contain more than mere legal conclusions. *Ashcroft*, 129 S. Ct. at 1950 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007).

The factual allegations asserted in the Amended Complaint fail to state a cause of action for copyright infringement. As noted above, there are no factual allegations that Publisher Defendants reproduced, distributed, displayed, performed, or created derivative works. Nor are there allegations that Publisher Defendants authorized any other person to reproduce, distribute, display, perform, or create a derivative work. There are simply no allegations that Publisher Defendants infringed one or more of Plaintiff's §106 rights under the Copyright Act. Plaintiff indulges in legal conclusions, e.g.: "The actions of BMG, ARC and Fuji described above violated the exclusive rights belonging to Plaintiff, including without limitation, Plaintiff's rights under 17 U.S.C. §106." (Am. Cmpt. ¶¶95,

8

103). Legal conclusions are not sufficient to state a cause of action under the Federal Rules. *Ashcroft*, 129 S. Ct. at 1950 (2009). The Amended Complaint lacks any factual allegations of copyright infringement by Publisher Defendants. Therefore, the Amended Complaint should be dismissed under Rule 12 (b)(6).

### B. The Amended Complaint Fails to State a Claim for Direct Copyright Infringement By Any Third Parties and Therefore Fails to State a Claim for Contributory or Vicarious Infringement by the Publisher Defendants

Vicarious copyright infringement and contributory copyright infringement are viable claims if there has been "direct" copyright infringement by another party and the vicarious/contributory infringer somehow facilitated or assisted in the infringement. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984)(consumer's use of VTR to time shift was fair use and not copyright infringement. A defendant can only be liable for contributory or vicarious copyright infringement, if direct or primary infringement is shown. *Atlantic Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 987 (N.D. Ariz. 2008) (summary judgement for plaintiff record companies denied where unauthorized online distribution, i.e. direct copyright infringement, by online service provider distributor not proven).

There are no well-pleaded facts that meet the *Twobly* pleading standard that allege copyright infringement by any third party. While a complaint is not required to provide a detailed outline of the claim, it "must contain either direct or inferential allegations respecting all material elements necessary to sustain a recovery under some viable legal theory". *Stephen & Hayes Construction v. Meadowbrook Homes,* 988 F. Supp. 1196 (N.D. Ill. 1998). Instead, Plaintiff alleges that someone did something, sometime, with one or some of Plaintiff's songs. Those allegations are simply insufficient to form the basis for direct third party copyright infringement which could support claims for vicarious or contributory copyright infringement.

## C. Based on the Allegations in the Amended Complaint, Plaintiff's Claims of Infringement of the Renewal Songs are Barred by the Copyright Act Statute of Limitations

Plaintiff's claims regarding the Renewal Songs (Am. Cmpt. ¶¶ 83, 91) are barred by Section 507(b) of the Copyright Act because the claims were not commenced within three years after the claims accrued. 17 U.S.C. §507(b); *Petrella v. Metro-Goldwyn-Mayer,* ___ U.S. ____, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014). A copyright claim arises or accrue when an infringing act occurs. Under the Copyright Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work. *Id.* Although the separate-accrual rule attends the copyright statute of limitations, there are no well-pleaded allegations of successive infringements. The only dates certain in the Amended Complaint with respect to the renewal claims are the dates of the "Effective Date of Renewal Registration" shown in paragraphs 83 and 91 of the Amended Complaint. Taking these allegations on their face, and there being no allegations of successive infringement, the claims are barred by the three year Copyright statute of limitations (§507(b)).

Plaintiff alleges the renewal dates for each of the Carter and Bracken renewal songs in paragraphs 83 and 91 of the Amended Complaint. The Carter songs renewal dates are from 1986 to 1993. The Bracken songs renewal dates are 1987, 1992, and 1993. Based on these allegations, Plaintiff's claims accrued in 1986, 1987, 1988, 1989, 1990, 1991, 1992, and 1993. There are no specific, well-pleaded allegations of any act of infringement after 1993 for any of the renewal songs. There are no allegations that Plaintiff asserted his rights in these renewal songs in any manner whatsoever. Nor are there any allegations that Plaintiff gave notice to the Publisher Defendants of any claims regarding these renewal songs until he filed the Complaint on June 28, 2016. The statute of limitations under the Copyright Act bars Plaintiff's claims of infringement with respect to the renewal songs.

10

### D. Plaintiff's Allegations That Publisher Defendants Issued Licenses Does Not State a Cause of Action for Copyright Infringement Absent Allegations of License Dates.

Licenses issued prior to termination by former publisher must be honored following termination and former publisher is entitled to continue to receive royalties from exploitation of works created under pre-termination licenses. *Mills Music, Inc. v. Snyder,* 469 U.S. 153, 173 (1985); *Wood v. Bourne Co.,* 60 F. 3d 978, 988-989 (2d Cir. 1995).

Plaintiff asserts that Publisher Defendants infringed his copyrights in the 2012 Notices songs because "numerous third parties" … "publically performed, reproduced, and distributed Plaintiff's copyrighted songs" without Plaintiff's authorization. (Am. Cmpt. ¶76).

None of the "numerous third parties" are identified in the Amended Complaint. None of the songs are actually identified. There are no allegations of when or how the songs were publically performed, reproduced, or distributed. Federal notice pleading still requires that a plaintiff plead sufficient facts to allege the elements of the cause of action and to state a plausible claim to relief. *Twombly*, 550 U.S. at 544.

Under *Mills Music* and *Wood v Bourne*, Publisher Defendants had the right to continue to receive royalties from licenses issued before the effective termination date for the 2012 Notices songs, i.e. December 31, 2014. Therefore, only royalties received from licenses issued from January 1, 2015 on are due to Plaintiff. And, Plaintiff simply does not allege there are any such licenses.

### E. Plaintiff's Allegations That Publisher Defendants Violated the Digital Millennium Copyright Act Fail to State a Cause of Action under Copyright Act Section 1202

Count V claims of violation of Section 1202 of the Copyright Act for falsification of copyright information. This section of the Digital Millennium Copyright Act is designed to protect copyright management information that is embedded in or attached to a copyrighted work that is are placed in the electronic marketplace and on digital networks. *Murphy v. Millennium Radio Group LLC*, 650 F.3d 295 (3d Cir. 2011). The purpose of copyright management information is to facilitate

11

licensing of copyrights for use on the internet. *IQ Group, Ltd. v. Wiesner Pub., LLC*, 409 F. Supp.2d 587, 596 (D. N.J. 2006). The copyright management information provision of Digital Millennium Copyright Act (DMCA) was not intended to apply to circumstances that did not have any relation to the Internet, electronic commerce, automated copyright protections or management systems, public registers, or other technological measures or processes as contemplated in the DMCA as a whole. *Textile Secrets Intern., Inc. v. Ya-Ya Brand Inc.,* 524 F. Supp. 2d 1184, 1202 (C.D. Cal. 2007).

In addition, Plaintiff's Section 1202 claim suffers from the same infirmities as all of the other claims: failure to allege the elements of the cause of action with any specificity at all. In Count V, Plaintiff alleges that "Defendants provided false copyright information to third parties." Again, there is no who, what, where, and when. Plaintiff does not identify the songs or the works to which the "false" information was attached or embedded. No third parties are identified. No specific occurrence is alleged. Plaintiff does not even allege what the false information was or that Publisher Defendants removed copyright management information that was embedded or attached to the songs. Further, Even if Section 1202 applied to this matter, Plaintiff has not provided allegations sufficient to state the claims against by Defendant Publishers. Therefore, like Counts II, III, and IV, Count V should be dismissed for failure to state a claim.

### IV.     PREMPTION

Plaintiff pleads three state law claims "in the alternative:" unjust enrichment, deceptive trade practices, and tortious interference with prospective business interests. Plaintiff's state law claims fail for two reasons. First, they are preempted by the Copyright Act because they arise out of the same acts as Plaintiff's copyright claims. Second, the allegations are not sufficient to state a claim for unjust enrichment, deceptive trade practices, and tortious interference.

Further, Plaintiff cannot maintain both the copyright claims and the state law claims in the same action. If Plaintiff's copyright infringement claim stands, the state law claims are preempted. If

12

the copyright infringement claim is dismissed, so must be the state law claims because this court would not retain subject matter jurisdiction without the Copyright Act claim.

Section 301 of the Copyright Act, 17 U.S.C. §301(a) preempts "all legal rights that are the equivalent to any of the exclusive rights within the general scope of copyright as specified by §106. A state law claim is equivalent when the work in which the right asserted if fixed in a tangible form and comes within the subject matter of the Copyright Act and the state right must be equivalent to any of the §106 rights. *Baltimore Orioles v Major League Baseball*, 805 F.2d 663, 674 (7th Cir. 1986). A right is equivalent to a right protected by the Copyright Act if it is infringed by an act of copying, performance, distribution, or display *Stephen & Hayes Construction,* 988 F. Supp. at 1197. However, the claim is not preempted if it requires proof of elements in addition to and different from copyright infringement. *Opportunity Knows, Inc., v. Maxwell,* 618 F. Supp. 2d 920, 928 (N.D. Ind. 2009).

There is no dispute that the Plaintiff's songs are fixed and come within the subject matter of copyright law. *Balsamo/Olson v. Bradley Place*, 950 F. Supp. 896, 898 (C.D. Ill. 1997)(deceptive trade practices preempted by copyright law where the plaintiff claimed the defendant infringed plaintiff's architecture plans).

In Count VI for unjust enrichment, Plaintiff asserts that Publisher Defendants received "royalties and other monetary benefits" from issuing "unauthorized" licenses to third parties. (Am. Cmpt. ¶¶125, 126). Deriving a benefit from the unauthorized use of another's copyright to the detriment of the copyright owner is unjust enrichment; however, it is also the equivalent of violating Copyright Act and therefore preempted by the Copyright Act. *Micro data base Systems v. Nellcor Puritin Bennett,* 20 F. Supp. 1258, 1263 (N.D. Ind. 1998). Plaintiff does not allege that there are extra elements to his unjust enrichment claim that avoid preemption by the Copyright Act.

In Count VII, Plaintiff asserts that Publisher Defendants "employed deception" and "misrepresentations of material facts" to deceive third party Illinois and non-Illinois consumers and

businesses as to the source of authorship and ownership of Plaintiff's songs. (Am. Cmpt. ¶ 132). That is essentially a claim for copyright infringement. *Balsamo/Olson,* 950 F. Supp. at 898. Deceptively misrepresenting that the Plaintiff's songs were Publisher Defendants would violate Illinois's prohibition against creating confusion as to the source of the songs, i.e. a deceptive trade practice under Illinois law. *Id.* The very same acts are prohibited by the Copyright Act. *Balsamo/Olson,* 950 F. Supp. at 899. Therefore, Plaintiff's deceptive trade practices claim is preempted by Copyright law.

In addition to preemption, Plaintiff's deceptive trade practices claim fails to meet the pleading standards set by *Twombly*, 550 U.S. at 570. The claim is a vague assertion that someone, somewhere, was deceived by something. No details. No specifics.

The Copyright Act also preempts Plaintiff's claim of tortious interference with prospective business interests (Am. Cmpt., Count VIII). *Balsamo/Olson,* 950 F. Supp. at 899. *FASA Corp. v Playmates Toys, Inc.,* 869 F. Supp. 1334, 1360 (N.D. Ill. 1994) (Illinois tortious interference cause of action preempted as equivalent to copyright rights). The tortious interference claim, like the deceptive trade practices claim is preempted because it also is essentially a copyright infringement claim. *Balsamo/Olson,* 950 F. Supp. at 899.

**WHEREFORE**, Publisher Defendants respectfully request this Court dismiss the Amended Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief can be granted and preemption.

Respectfully submitted,

Dated: November 18, 2016,

Leavens, Strand & Glover, LLC

By: /Peter J Strand/

Peter J. Strand (Bar No 6196727)
Thomas R. Leavens (Bar No. 1601016)
Travis W. Life (Bar No. 6279244)
203 North LaSalle Street, Suite 2550
Chicago, Illinois 60601
(312) 488-4170